# 25-1390

**FILED**

FEB 2 4 2025

**U.S. Court of Appeals Eighth Circuit**

No. 25-_____

## United States Court of Appeals for the Eighth Circuit

*IN RE* EXXON MOBIL CORP.,

*Defendant–Petitioner*,

Petition for Writ of Mandamus to the United States District Court for the Western District of Missouri, (Hon. Stephen R. Bough) No. 4:24-cv-00803-SRB

## PETITION FOR WRIT OF MANDAMUS TO THE DISTRICT COURT

William F. Ford
Richard N. Bien
LATHROP GPM LLP
2345 Grand Boulevard
Suite 2200
Kansas City, MO 64108
(816) 292-2000

Zachary D. Tripp
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
(202) 682-7000
Zack.Tripp@weil.com

David J. Lender
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

**RECEIVED**

FEB 2 4 2025

**U.S. COURT OF APPEALS EIGHTH CIRCUIT**

*Counsel for Exxon Mobil Corp.*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Exxon Mobil Corporation hereby certifies that it has no parent corporation, and that no publicly held company owns more than 10% of its outstanding common stock.

# TABLE OF CONTENTS

Introduction ............................................................................................... 1

Statement of Relief Sought ...................................................................... 4

Statement of Issues .................................................................................. 4

Statement of Facts .................................................................................... 4

    A. The first suit in Kansas. .................................................................. 4

    B. The second suit in Missouri. .......................................................... 6

    C. ExxonMobil moves to transfer under the first-filed rule ............ 8

    D. The district court's orders allow opposing counsel to
       unilaterally select the second-filed venue ................................... 9

Reasons the Writ Should Issue ................................................................ 9

    I. ExxonMobil has no other adequate means to obtain relief. ............ 11

   II. The district court clearly erred in allowing opposing counsel to
      unilaterally select the second-filed venue. ....................................... 11

    A. The district court clearly erred in enabling parties to veto
       the first-filed rule. ......................................................................... 11

    B. The district court's "mootness" rationale is itself clearly
       erroneous. ...................................................................................... 16

    C. Other circumstances also support transfer to Kansas. ............. 19

  III. Mandamus is appropriate under the circumstances. ..................... 22

Conclusion ................................................................................................ 24

Certificate of Compliance ........................................................................ 25

Certificate of Service ................................................................................ 26

# TABLE OF AUTHORITIES

**Cases**            **Page(s)**

*Abreu v. Pfizer, Inc.,*
2022 WL 2355541 (S.D. Fla. June 22, 2022) ...................... 13, 15, 18, 19

*In re Apple, Inc.,*
602 F.3d 909 (8th Cir. 2010) .......................................... *passim*

*Black v. TIC Inv. Corp.,*
900 F.2d 112 (7th Cir. 1990) ................................................... 17

*Chafin v. Chafin,*
568 U.S. 165 (2013) ............................................................ 17

*Chambers v. NASCO, Inc.*
501 U.S. 32 (1991) ............................................................. 23

*Cheney v. U.S. Dist. Ct. for D.C.,*
542 U.S. 367 (2004) ........................................................... 10

*Est. of Logan by & Through Logan v. Busch,*
2022 WL 551256 (W.D. Mo. Feb. 23, 2022).......................... 18

*Gray Mfg. Co., Inc v. Vehicle Serv. Grp., LLC,*
2018 WL 11411258 (W.D. Mo. June 5, 2018)....................... 12

*Hernandez v. City of El Monte*
138 F.3d 393 (9th Cir. 1998) ............................................... 23

*Heyman v. Lincoln Nat'l Life Ins. Co.,*
781 F. App'x 463 (6th Cir. 2019).......................................... 15

*Johnson v. Siemens Indus., Inc.,*
2023 WL 4686015 (N.D. Cal. July 21, 2023) ....................... 19

*Keilholtz v. Superior Fireplace Co.,*
2008 WL 5411497 (N.D. Cal. Dec. 29, 2008) .............. 3, 14, 23

*In re Kemp,*
894 F.3d 900 (8th Cir. 2018) ............................................ 9, 24

*Kent v. Bank of Am., N.A.,*
518 F. App'x 514 (8th Cir. 2013)................................. 12, 14, 15

*In re Lombardi,*
741 F.3d 888 (8th Cir. 2014) (en banc) ...................... 2, 3, 9, 10

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,*
675 F.2d 1169 (11th Cir. 1982) ............................................ 12

*Motion Picture Lab'y Technicians Loc. 780, I.A.T.S.E. v. McGregor & Werner, Inc.,*
  804 F.2d 16 (2d Cir. 1986) ............................................................... 12, 23

*In re: NetScout Sys., Inc.,*
  2021 WL 4771756 (Fed. Cir. Oct. 13, 2021) ................................... 16, 21

*Nw. Airlines, Inc. v. Am. Airlines, Inc.,*
  989 F.2d 1002 (8th Cir. 1993) ....................................................... 2, 12, 23

*Orthmann v. Apple River Campground, Inc.,*
  765 F.2d 119 (8th Cir. 1985) ................................................. 11, 12, 14, 18

*Painter v. L'Oreal USA, Inc.,*
  2024 WL 4774904 (W.D. Mo. Nov. 13, 2024) ............................... *passim*

*Palagano v. NVIDIA Corp.,*
  2015 WL 5025469 (E.D. Pa. Aug. 25, 2015) ........................................ 14

*Ritchie Cap. Mgmt., L.L.C. v. BMO Harris Bank, N.A.,*
  868 F.3d 661 (8th Cir. 2017) ............................................................... 12

*In re Samsung Elecs. Co., Ltd.,*
  2 F.4th 1371 (Fed. Cir. 2021) ........................................................ *passim*

*Terra Int'l, Inc. v. Miss. Chem. Corp.,*
  119 F.3d 688 (8th Cir. 1997) ......................................................... 22, 23

*Thatcher v. Hanover Ins. Grp., Inc.,*
  659 F.3d 1212 (8th Cir. 2011) ....................................................... 15, 22

*In re Travelers Home & Marine Ins. Co.,*
  698 F. App'x 317 (8th Cir. 2017) ......................................................... 11

*U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.,*
  920 F.2d 487 (8th Cir. 1990) ......................................................... *passim*

*In re Union Elec. Co.,*
  787 F.3d 903 (8th Cir. 2015) ............................................................... 11

*In re Volkswagen of Am., Inc.,*
  545 F.3d 304 (5th Cir. 2008) ...................................................... 10, 11, 22

*Welk v. GMAC Mortg., LLC,*
  850 F.Supp.2d 976 (D. Minn. 2012) ......................................... 13, 14, 15

*Young v. L'Oreal USA, Inc.,*
  526 F. Supp. 3d 700 (N.D. Cal. 2021) ........................................... 18, 19

**Other Authorities**

https://www.google.com/maps/dir/Charles+E.+Whittaker+U.S.+Cou
rthouse,+400+E+9th+St,+Kansas+City,+MO+64106/Robert+J.+
Dole+Federal+Courthouse,+500+State+Ave,+Kansas+City,+KS
+66101 ................................................................................................ 20

## INTRODUCTION

This litigation belongs in the Tenth Circuit, where it was first filed. This Court should grant this mandamus petition to send it back because that is necessary to prevent blatant judge-shopping. The district court's order was a clear abuse of discretion that empowers plaintiffs (and their lawyers) to circumvent the first-filed rule and instead unilaterally select the second-filed venue—even after both judges have been assigned. To prevent this egregious form of venue manipulation—which provides a roadmap to future litigants to hand-pick their perceived more favored judge—this Court should grant mandamus and reverse.

Opposing counsel filed two strikingly similar class actions, first in Kansas and second in Missouri, seeking to hold Exxon Mobil Corporation ("ExxonMobil") liable for harms allegedly caused by societal use of plastics. ExxonMobil moved to transfer the Missouri suit to Kansas under the first-filed rule. That rule has long required that, when similar lawsuits have been filed in two district courts, the second court ordinarily must transfer venue to the first court or dismiss. *E.g., U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990). That rule is subject only to a narrow exception for "compelling circumstances" that is designed, among other things, to prevent gamesmanship and manipulation of venue

by creative counsel. *See Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1007 (8th Cir. 1993).

In denying transfer, the second district court enabled opposing counsel to unilaterally select the *second*-filed venue, in flagrant violation of the first-filed rule. The mechanism is simple: After ExxonMobil invoked the first-filed rule, opposing counsel voluntarily dismissed the first-filed action *and then amended the second-filed complaint to encompass all of the parties and claims in the first-filed case*. Opposing counsel thus effectively transferred the first-filed suit to the second-filed venue.

In denying transfer, the district court ratified that gamesmanship. Without giving ExxonMobil an opportunity to reply, the court denied the transfer motion as "moot" in a two-sentence order. That reasoning is itself a clear legal error. The transfer motion is not moot; there is a live controversy over where this litigation should proceed in the first-filed or second-filed venue. The district court thus not only reached a result that flouts the first-filed rule, but also got there by following an unfair process and relying on a rationale that is itself clearly erroneous.

All three mandamus factors are satisfied. *See In re Lombardi*, 741 F.3d 888, 894 (8th Cir. 2014) (en banc) (citation omitted). First, it is well-settled that ExxonMobil has "no other adequate means" for review

because venue cannot be challenged after entry of a final judgment. *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010).

Second, the decision to deny transfer is a clear abuse of discretion. *See id.* at 911. The district court's decision gave opposing counsel a veto over the first-filed rule, allowing them to unilaterally select the second-filed venue and thereby select their preferred judge. That turns the first-filed rule upside down. In particular, it eviscerates the narrow "compelling circumstances" exception that is designed to *prevent*—not enable—such manipulation. Even worse, the district court's mootness rationale is itself clearly erroneous, because the dispute over the transfer motion remains live and the court could still grant effectual relief.

Third, "the writ is appropriate under the circumstances." *See Lombardi*, 741 F.3d at 894. The district court's order provides a roadmap for future litigants to engage in egregious venue manipulation—and even outright judge-shopping. All they need to do is file similar actions in multiple venues, wait to see which judges are assigned, and then voluntarily dismiss the suit (or suits) in the less-preferred venues and tack those suits onto the suit with the preferred judge. The rule is also heads-I-win, tails-you-lose: They can go with the first-filed if they prefer it. Such tactics "abuse[] the integrity of the judicial system by impairing public confidence in the impartiality of judges." *Keilholtz v. Superior Fireplace*

*Co.*, 2008 WL 5411497, at *2 (N.D. Cal. Dec. 29, 2008). That is exactly the sort of venue manipulation mandamus should be used to prevent.

## STATEMENT OF RELIEF SOUGHT

Petitioner ExxonMobil respectfully requests that this Court grant mandamus, vacate the order denying ExxonMobil's motion to transfer, and remand with instructions that the district court transfer the case to the United States District Court for the District of Kansas.

## STATEMENT OF ISSUES

1. Did the district court clearly abuse its discretion in denying ExxonMobil's motion to transfer under the first-filed rule and ruling that it was "mooted," when opposing counsel responded to that motion by voluntarily dismissing the first-filed action and adding all of the parties and claims to the second-filed action, thus unilaterally selecting the second-filed venue?

**Apposite Authority**: *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487 (8th Cir. 1990); *In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371 (Fed. Cir. 2021).

## STATEMENT OF FACTS

### A. The First Suit in Kansas.

The first class action was filed in the United States District Court for the District of Kansas: On November 27, 2024, Ford County, Kansas,

brought a class action against ExxonMobil, nine other corporations,[1] and the American Chemistry Council. *See Ford Cnty. v. Exxon Mobil Corp., et al.*, Case No. 2:24-cv-02547 (D. Kan.). Ford County sought to hold the defendants liable for societal use of plastic: the core allegation was that, for decades, defendants had "engaged in fraudulent marketing and public education campaigns designed to mislead the public about the viability of plastic recycling as a solution to plastic waste." App. 10; KS Compl. ¶ 6. Ford County alleged that defendants "protected and expanded plastic markets, while stalling legislative or regulatory action that would meaningfully address plastic waste and pollution." App. 10; KS Compl. ¶ 6. This allegedly "increased the demand for [p]lastics"—thereby "increas[ing] the amount of [p]lastics waste that counties across Kansas have had to dispose of." App. 51; KS Compl. ¶ 157.

Ford County asserted a public nuisance claim on behalf of a putative class of all Kansas counties "which have incurred and will continue to incur sanitation costs for plastic waste clean-up and disposal" since 1989. App. 48, 50; KS Compl. ¶¶ 146, 155.

---

[1] The companies are Chevron USA, Inc., Chevron Phillips Chemical Corp., Dupont de Nemours Inc., Celanese Corp., Dow Inc., Dow Chemical Co., Dupont Corp., Eastman Chemical Co., and LyondellBasell Industries.

Judge Kathryn H. Vratil was randomly assigned to the case. *See* App. 57; No. 2:24-cv-02547, Notice of Judge Assignment. Opposing counsel thereafter took no action and did not serve any defendant.

## B. The Second Suit in Missouri.

The second action was filed in the United States District Court for the Western District of Missouri. On December 16, 2024, nineteen days after filing in Kansas, the same opposing counsel filed a strikingly similar class action against the same defendants based on the same alleged scheme to increase demand for plastics by misleading the public about recycling, this time on behalf of individual consumers in Kansas, Missouri, California, and Florida. *See Rodriguez, et al., v. Exxon Mobil Corp., et al.*, No. 4:24-cv-00803 (W.D. Mo.). Through allegations drawn verbatim from the Kansas complaint, they alleged defendants "engaged in fraudulent marketing and deceptive public education campaigns designed to mislead the public about the viability of plastic recycling as a solution to plastic waste." App. 62; Mo. Compl. ¶ 6. Plaintiffs alleged that the defendants "protected and expanded plastic markets, while stalling legislative or regulatory action that would meaningfully address plastic waste and pollution." App. 62; Mo. Compl. ¶ 6. All this allegedly "increased demand" and "prices for plastic products." App. 61; Mo. Compl. ¶ 2.

A redline comparing the Kansas and Missouri complaints' opening paragraphs illustrates the similarity, which continues for page after page:

**CLASS ACTION COMPLAINT**

~~Plaintiff Ford County, Kansas files~~Plaintiffs Billie Rodriguez, Daniel Erwin, Michael B. Ackerman, and Kyle Foreman file this Class Action Complaint, individually and on behalf of all others similarly situated, against the named Defendants, seeking relief to remedy the harms caused by Defendants' coordinated negligent and/or ~~intentional~~fraudulent representations regarding the recyclability of plastics~~,~~ which led to the production and purchase of more plastics than otherwise would have occurred. These ~~representations~~joint misrepresentations have led to higher plastic prices than otherwise would have occurred in a competitive market and massive sanitation problems for county and city governments and their landfills. Plaintiffs' allegations are based on personal knowledge as to Plaintiffs' own conduct and investigation of counsel based on publicly available information ~~as to all other allegations~~.

The plaintiffs asserted antitrust, consumer protection, and unjust enrichment claims under federal and state law. *See* App. 107–50; Mo. Compl. 169–300. And they did so on behalf of putative classes of "[a]ll persons or entities in the United States and its territories who indirectly purchased plastic products" since 1990. App. 103–04; Mo. Compl. ¶¶ 153–54. The putative class is thus virtually every individual and entity in the United States.

Judge Stephen R. Bough was randomly assigned to the case. *See* App. 166; Dkt. 12. Opposing counsel promptly served ExxonMobil.

## C. ExxonMobil's Motion to Transfer and Plaintiffs' Response

On December 22, 2024, ExxonMobil filed a motion to transfer the Missouri action to Kansas pursuant to the first-filed rule. App. 181; Dkt. 4 at 5.

On January 17, 2025, Plaintiffs responded. They did not contest that the suits were strikingly similar and triggered the first-filed rule. They also did not identify any compelling circumstances to deny transfer. Instead, they voluntarily dismissed the Kansas action and filed an amended complaint in Missouri, adding Ford County as a named plaintiff. *See* App. 190, 195; Dkt. 47, 48. Plaintiffs argued that the motion to transfer was therefore "moot and require[d] no further response." App. 191; Dkt. 47 at 2.

Not in Kansas anymore, opposing counsel added all of the parties and claims from the Kansas suit to the Missouri suit. In particular, they added Ford County's public nuisance claim and expanded the putative class to include "all counties, cities, and municipalities located within the United States and its territories which have incurred and will continue to incur sanitation costs for plastic waste clean-up and disposal" since 1990. App. 242–43; FAC ¶ 163. In joining the original Missouri plaintiffs' antitrust, consumer protection, and unjust enrichment claims, Ford County claimed to represent not just Kansas counties, but "all governmental . . . entities in the United States and its territories." App. 241–42; FAC ¶¶ 161–62.

Opposing counsel thus effectively sought to unilaterally select the second-filed venue to hear both suits, now consolidated into a single action.

### D. The District Court's Orders Allow Opposing Counsel to Unilaterally Select the Second-Filed Venue.

The next business day—without warning and ten days before the deadline for ExxonMobil to file a reply, *see* W. D. Mo. Loc. R. 7(c)(3)—the district court denied ExxonMobil's transfer motion. In a two-sentence electronic order, the court stated that the transfer motion was "mooted" by the dismissal of the "parallel lawsuit in the District of Kansas." App. 2; Dkt. 49.

ExxonMobil moved for reconsideration the next day. App. 294; Dkt. 55. It explained that reconsideration was warranted because ExxonMobil had been denied an opportunity to be heard following Plaintiffs' actions and that, under established law, the dismissal of the Kansas case did not moot the motion to transfer. App. 294; Dkt. 55. Noting the interest in finality, the district court denied the motion without discussing the first-filed rule or the merits of ExxonMobil's transfer motion. App. 5; Dkt. 92.

## REASONS THE WRIT SHOULD ISSUE

This case cries out for mandamus relief. "Extraordinary writs like mandamus are 'useful safety valves for promptly correcting serious errors.'" *In re Kemp*, 894 F.3d 900, 905 (8th Cir. 2018) (quoting *Lombardi*, 741 F.3d at 893). Writs of mandamus are issued to correct "clear abuse[s]

of discretion." *Lombardi*, 741 F.3d at 893–94 (quoting *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004)). Because mandamus is "supervisory in nature," it is "particularly appropriate when the issues [involved] . . . have an importance beyond the immediate case." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 319 (5th Cir. 2008). A petitioner is entitled to mandamus when (1) "he has no other adequate means to attain the relief he desires"; (2) "his entitlement to the writ is clear and indisputable"; and (3) "the writ is appropriate under the circumstances." *Lombardi*, 741 F.3d at 894 (quoting *Cheney*, 542 U.S. at 380).

ExxonMobil meets all three conditions. First, it is well-settled that mandamus is appropriate to correct clear errors in venue because there is no other adequate remedy. Second, the district court's decision is a clear abuse of discretion. The court allowed opposing counsel to unilaterally select the second-filed venue—even after seeing the individual judges who were randomly assigned, enabling them to pick their preferred judge. Worse, the only reason the district court gave—that the transfer motion is moot—is itself clearly wrong. Third, issuance of the writ is "particularly appropriate." *Volkswagen*, 545 F.3d at 319. Left uncorrected, the court's order provides a roadmap for litigants to engage in unchecked venue manipulation and outright judge-shopping. Mandamus is warranted.

# I. ExxonMobil Has No Other Adequate Means to Obtain Relief.

The first mandamus factor is satisfied. This Court has long recognized that the "[t]he usual post-judgment appeal process is not an adequate remedy for an improper failure to transfer." *Apple,* 602 F.3d at 912. Mandamus thus can be "proper" when a district court wrongly denies a transfer motion. *Id.; see also, e.g.*, *In re Union Elec. Co.*, 787 F.3d 903, 908 (8th Cir. 2015); *In re Travelers Home & Marine Ins. Co.*, 698 F. App'x 317 (8th Cir. 2017). Indeed, "[b]ecause venue transfer decisions are rarely reviewed," mandamus is particularly important in the transfer-motion context, as it provides valuable guidance for district courts in future cases. *Volkswagen*, 545 F.3d at 319. Accordingly, the first mandamus factor is satisfied. *Apple,* 602 F.3d at 912.

# II. The District Court Clearly Erred in Allowing Opposing Counsel to Unilaterally Select the Second-Filed Venue.

The second mandamus factor is satisfied as well. The district court clearly erred in enabling plaintiffs to unilaterally select the second-filed venue, and its mootness rationale is clearly erroneous as well.

## A. The District Court Clearly Erred in Enabling Parties to Veto the First-Filed Rule.

The first-filed rule is longstanding and venerable. "[T]he doctrine of federal comity permits a court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Orthmann v. Apple River Campground, Inc.*, 765 F.2d

119, 121 (8th Cir. 1985) (citation omitted). "The well-established rule is that in cases of concurrent jurisdiction, 'the first court in which jurisdiction attaches has priority to consider the case.'" *Goodyear*, 920 F.2d at 488 (quoting *Orthmann*, 765 F.2d at 121). So long as there is "substantial overlap" between the two cases, *Gray Mfg. Co., Inc v. Vehicle Serv. Grp., LLC*, 2018 WL 11411258, at *2 (W.D. Mo. June 5, 2018), the first-filed rule applies even without "precise identity between the parties and actions." *Ritchie Cap. Mgmt., L.L.C. v. BMO Harris Bank, N.A.*, 868 F.3d 661, 664 (8th Cir. 2017).

The first-filed rule has only a single narrow exception: Absent "'compelling circumstances,' the first-filed rule should apply." *Goodyear*, 920 F.2d at 488–89 (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir.1982)). The "chief" circumstance that may justify deviation from the rule is where the first-filed suit itself resulted from forum shopping. *Motion Picture Lab'y Technicians Loc. 780, I.A.T.S.E. v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir. 1986); *Nw. Airlines,* 989 F.2d at 1007. The exception thus prevents the first-filed rule from being misused as a tool to manipulate venue.

More broadly, courts have long recognized the importance of guarding against "venue manipulation" and "judge-shopping." *In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1378 (Fed. Cir. 2021); *Kent v. Bank of Am., N.A.*,

518 F. App'x 514, 517, n.3 (8th Cir. 2013) (quoting *Welk v. GMAC Mortg., LLC*, 850 F.Supp.2d 976, 999 (D. Minn. 2012)). Courts have relied on the first-filed rule as a vital tool, emphasizing that "[f]iling multiple lawsuits in multiple jurisdictions and then selectively serving those lawsuits after learning of the judicial assignment"—as opposing counsel did here—"must be discouraged." *Abreu v. Pfizer, Inc.*, 2022 WL 2355541, at *23 (S.D. Fla. June 22, 2022), *report and recommendation adopted*, 2022 WL 3370932 (S.D. Fla. Aug. 16, 2022); *Samsung*, 2 F.4th at 1378 (collecting cases where Federal Circuit used mandamus to "reject[] parties' attempts to manipulate venue").

The district court's order is a clear abuse of discretion because it flouts the first-filed rule. The district court's order allowed opposing counsel to unilaterally select the second-filed venue, brazenly subverting the first-filed rule: opposing counsel unilaterally dropped their first-filed lawsuit and then *added all of the parties and claims to the second-filed venue*. They thus singlehandedly transferred the entire case to the second-filed venue.

The court's order is clearly erroneous because it transforms the first-filed rule into a second-filed rule at a plaintiff's whim. Not only does that fail to discourage judge-shopping, it *encourages* it. It provides a blueprint for litigants to ensure their case is heard by the judge of their choosing, in three simple steps: (1) file multiple, overlapping lawsuits in different

venues; (2) see which judge is drawn in each suit; and (3) proceed only where the draw is deemed most favorable, voluntarily dismissing the other case(s) and folding all the plaintiffs and claims into the case in the preferred venue. Of course, the plaintiffs' favored venue could ultimately be the first one—permitting faux fealty to the first-filed rule in a heads-plaintiffs-win, tails-defendants-lose scenario. And while this case involves two overlapping lawsuits, there is no limiting principle to the mootness rule the district court articulated. Future litigants could follow this roadmap with three, or, four, or ten actions.

Such a spectacle "brazenly" implies the partiality of certain judges to certain parties. *Kent,* 518 F. App'x at 517, n.3 (condemning "judge-shopping by voluntarily dismissing actions" (quoting *Welk*, 850 F. Supp.2d at 999)). That would sharply undermine the principles of comity the first-filed rule protects. *Orthmann*, 765 F.2d at 121; *Keilholtz*, 2008 WL 5411497, at *2 ("judge shopping . . . abuses the integrity of the judicial system by impairing public confidence in the impartiality of judges").

Courts have recognized that adherence to the first-filed rule is particularly important where deviating from it would "risk . . . promoting forum shopping." *Palagano v. NVIDIA Corp.*, 2015 WL 5025469, at *4 (E.D. Pa. Aug. 25, 2015). And courts have explained that efforts by parties to avoid the rule by "[s]electively dismissing" the earlier case must be

rejected. *Abreu*, 2022 WL 2355541, at *23. Likewise, this Court has "repeatedly stated that it is inappropriate for a plaintiff to use voluntary dismissal as an avenue for seeking a more favorable forum." *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1214 (8th Cir. 2011); *Kent*, 518 F. App'x at 517 n.3 (condemning "brazen delay tactics and judge-shopping by voluntarily dismissing actions only to turn around and refile them again immediately afterwards" (quoting *Welk*, 850 F. Supp.2d at 999)). Accordingly, opposing counsel's voluntary dismissal of the Kansas action makes adherence to the first-filed rule *more* "compelling", not less. *Goodyear*, 920 F.2d at 488; *Samsung*, 2 F.4th at 1378.

Indeed, the district court's order turns the "compelling circumstances" exception on its head. That narrow exception *prevents* forum-shopping in a "race to the courthouse" situation. *Painter v. L'Oreal USA, Inc.*, 2024 WL 4774904, at *2 (W.D. Mo. Nov. 13, 2024); *see* p. 12, *supra*. If forum-shopping can present a compelling circumstance justifying *departure* from the first-filed rule, then it is even more compelling to *follow* the first-filed rule in situations where breaking from it would enable venue manipulation. *See Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 478 (6th Cir. 2019) (applying the first-filed rule where party opposing its application had engaged in forum shopping).

The abuse of discretion is even clearer because opposing counsel dismissed the Kansas action only *after* ExxonMobil moved to transfer. As the Federal Circuit has explained in granting mandamus, allowing parties to "defeat transfer" via unilateral, post-motion actions "would invite venue manipulation." *In re: NetScout Sys., Inc.*, 2021 WL 4771756, at *5 (Fed. Cir. Oct. 13, 2021) (courts "must guard against manipulative measures designed to defeat transfer"). And it would encourage a party to force the other side to expend the time and resources necessary to prepare motions to transfer—as ExxonMobil did here—by waiting to dismiss the first-filed action until the other party files such motions. This tactic is manifestly unfair, wastes judicial resources by prompting futile filings, and is counter to the interests of justice. *See Goodyear*, 920 F.2d at 488; *Painter*, 2024 WL 4774904, at *2. The first-filed rule accordingly must be enforced.

## B. The District Court's "Mootness" Rationale Is Itself Clearly Erroneous.

The district court's decision would warrant mandamus simply because it allowed opposing counsel to turn the first-filed rule into a second-filed rule. But mandamus is even more important because the district court reached that clearly erroneous result by using an unfair process and applying a clearly erroneous rationale. Without giving ExxonMobil opportunity to respond to opposing counsel's unilateral actions manipulating venue, the court denied ExxonMobil's motion in a

two-sentence order, finding that opposing counsel had "mooted" the motion by dismissing the Kansas suit. App. 191; Dkt. 47 at 2; App. 2; Dkt. 49.

That was "a clear abuse of discretion." *See Apple*, 602 F.3d at 911 (explaining that a "clear error of law or clear error of judgment leading to a patently erroneous result may constitute a clear abuse of discretion" warranting mandamus). First, the district court's denial of the motion based on the changed circumstances without even allowing ExxonMobil to respond was itself error. *See, e.g.*, *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990). Notably, when ExxonMobil filed a motion to reconsider arguing that the motion to transfer was not moot and should not have been denied, the district court summarily denied it by invoking principles of finality. App. 5; Dkt 92. The court thus never considered ExxonMobil's transfer arguments on the merits.

The district court's mootness ruling is also substantively erroneous because the transfer motion is live. An issue becomes moot when there is no longer a "live" controversy and it is "impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172–73 (2013) (citation omitted). A live controversy still exists between the parties as to the proper venue for this action: ExxonMobil asks for the case to be transferred to the first-filed venue in Kansas, whereas Plaintiffs ask for the case to remain in the second-filed venue.

And the district court could still grant "effectual relief" to ExxonMobil by transferring the case to Kansas. *Id.* at 172.

Opposing counsel has argued that, to grant ExxonMobil relief, the court would have to "order[] the re-opening" of the Kansas action. App. 305; Dkt. 82 at 7. Not so. The court need only transfer this action to the District of Kansas, because the entire case is now pending in the second-filed venue. *See, e.g.*, *Est. of Logan by & Through Logan v. Busch*, 2022 WL 551256, at *5 (W.D. Mo. Feb. 23, 2022).

By its terms, the first-filed rule still applies: It applies if a similar complaint "has already been filed in another district." *Orthmann*, 765 F.2d at 121. Dismissing a suit after filing it does not change the fact that it was "already … filed." *Id.* Courts in turn have recognized that the first-filed rule may still require transfer "even though the first-filed action is no longer pending." *Young v. L'Oreal USA, Inc.*, 526 F. Supp. 3d 700, 706 (N.D. Cal. 2021). The status of the first-filed suit is, of course, a "*factor*" courts may "consider in determining whether the first-filed rule should apply," or whether "compelling circumstances" justify deviation from it. *Abreu*, 2022 WL 2355541, at *7; *Goodyear*, 920 F.2d at 488. But the same rule still applies:  transfer to the first venue is required absent compelling circumstances. *See, e.g.*, *Abreu*, 2022 WL 2355541, at *7 (applying first-filed rule and transferring case even though first-filed actions were no

longer pending); *Young*, 526 F. Supp. 3d at 706 (same); *Johnson v. Siemens Indus., Inc.*, 2023 WL 4686015, at \*4 (N.D. Cal. July 21, 2023) (same).

In *Young*, for instance, plaintiffs filed a putative class action in the Northern District of California that was virtually identical to an action their counsel had previously filed in the Southern District of New York. *Id.* at 703. The California court deemed this subsequent lawsuit subject to the first-filed rule even though the New York suit had since been dismissed, and transferred the case to New York. *Id.* at 708. *See also, e.g.*, *Johnson*, 2023 WL 4686015, at \*4; *Abreu*, 2022 WL 2355541, at \*23.

Therefore, the district court's conclusion that the dismissal of the Kansas action "mooted" ExxonMobil's transfer motion was also "a clear abuse of discretion." *See Apple*, 602 F.3d at 911.

## C.   Other Circumstances also Support Transfer to Kansas.

Other than the meritless "mootness" argument, opposing counsel identified no basis whatsoever for departing from the first-filed rule. Not only are there no "compelling circumstances" to depart, there are compelling circumstances to adhere to it: otherwise, plaintiffs could unilaterally turn the first-filed rule into a second-filed rule—even after seeing the particular judges assigned to both cases. Given that glaring risk of venue manipulation and judge shopping, no additional considerations

could justify denying transfer. Regardless, all of the other circumstances support transfer, too.[2]

In determining whether compelling circumstances exist, courts have considered whether "the balance of convenience" favors either forum. *E.g.*, *Painter*, 2024 WL 4774904, at *2. The district court plainly could not have denied transfer on that basis. *See* App. 163; Dkt. 49. The two courthouses are both in the Kansas City metropolitan area and are less than three miles apart.[3] That proximity forecloses any argument that the second-filed venue is more convenient. *See Painter*, 2024 WL 4774904, at *2.

The suit also has stronger connections to the first-filed venue. The original plaintiffs included one individual Kansas resident and one individual Missouri resident. App. 63–64; MO Compl. ¶¶ 12–15. (The others are residents of California and Florida. *Id.*) So that is equal. But Ford County is located in Kansas, and claims injury from an alleged public nuisance within its Kansas borders. App. 51; KS Compl. ¶ 157. So, if anything, "the balance of convenience" favors the District of Kansas. *See Painter*, 2024 WL 4774904, at *2; *Apple*, 602 F.3d at 914. It is also

---

[2] ExxonMobil does not concede that either the Missouri or the Kansas court has personal jurisdiction over it. *See* App. 171; Dkt. 4 at 1, n.1.

[3] https://www.google.com/maps/dir/Charles+E.+Whittaker+U.S.+Courthouse,+400+E+9th+St,+Kansas+City,+MO+64106/Robert+J.+Dole+Federal+Courthouse,+500+State+Ave,+Kansas+City,+KS+66101

immaterial that opposing counsel added additional Missouri residents to the amended complaint after ExxonMobil moved to transfer. *See* App. 202; FAC ¶¶ 19–22. Post-motion actions like these cannot be used to "defeat transfer." *NetScout*, 2021 WL 4771756, at *5. Indeed, plaintiffs purport to represent a class of essentially every person in the United States, so they could readily manipulate venue by adding (or removing) additional plaintiffs from different locations.

The claims also have no greater connection to Missouri. The amended complaint asserts one Missouri cause of action and one Kansas cause of action. *See* App. 255, 272; FAC ¶¶ 264, 399. And Ford County's public nuisance claim necessarily implicates Kansas tort law. *See* App. 248; FAC ¶ 207. *See Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997) (explaining that, in considering transfer motions, courts should consider "the advantages of having a local court determine questions of local law").

The Kansas Attorney General has also intervened, arguing that Ford County is improperly asserting Kansas' *parens patriae* authority and attempting to represent Kansas and its political subdivisions. *See* App. 331; Dkt. 81-1 at 5. That makes transfer of this case to the first-filed venue even more important. Otherwise, a federal court in Missouri would determine fundamental questions about the authority of the State of

Kansas, its attorney general, and its political subdivisions, and the relationships between them. *See Terra*, 119 F.3d at 696. And any appeal from the district court's resolution of those important issues would be heard in this Court—not the Tenth Circuit, where Kansas is located.

Accordingly, it was clear error for the district court to deny the motion to transfer, so the second mandamus factor is satisfied.

## III. Mandamus Is Appropriate Under the Circumstances.

The third and final mandamus factor is satisfied as well because mandamus is appropriate under the circumstances. Mandamus is "particularly appropriate when the issues [involved] . . . have an importance beyond the immediate case." *Volkswagen*, 545 F.3d at 319. This case fits the bill: Left uncorrected, the district court's clear derogation of the first-filed rule sets a dangerous precedent. Enterprising future litigants could use the district court's order as a blueprint to engage in judge-shopping by improperly weaponizing voluntary dismissals. *See Thatcher*, 659 F.3d at 1214; *see* p. 15, *supra*.

By filing multiple, overlapping lawsuits, plaintiffs would be able to obtain a specific judge they prefer—even in divisions with multiple judges assigned by random draw—by voluntarily dismissing except where they find the draw most desirable. Then, just as opposing counsel did here, they can add the parties and claims from all the dismissed cases to the one in

which they choose to proceed, combining the two suits into one in the venue they prefer. Such a practice would not only subvert the first-filed rule's purposes, it would stand the rule—along with the "compelling circumstances" exception designed to *prevent* forum-shopping—on its head. *Nw. Airlines,* 989 F.2d at 1007; *Motion Picture*, 804 F.2d at 19.

Such "[j]udge-shopping clearly constitutes 'conduct which abuses the judicial process.'" *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)). Allowing such gamesmanship to proceed would impugn the impartiality of the judges assigned—both those assigned to the cases that are voluntarily dismissed and the one assigned to the case that moves forward. *Keilholtz*, 2008 WL 5411497, at *2. And it would prejudice defendants by forcing them to file transfer motions that can be defeated by a wave of the other side's hand. *See Goodyear*, 920 F.2d at 488. Likewise, it will waste valuable judicial resources by requiring courts to rule on these motions. *See, e.g.*, *Painter*, 2024 WL 4774904, at *2

This Court should step in immediately to prevent this practice. Mandamus is appropriate to prevent just such "venue manipulation." *Samsung*, 2 F.4th at 1378. Indeed, this is exactly the sort of case in which courts use the "safety valve[]" of mandamus to correct "serious errors." *Kemp*, 894 F.3d at 905. This Court should do so here.

# CONCLUSION

The Court should grant ExxonMobil's petition for a writ of mandamus, vacate the district court's order, and remand with instructions for the district court to transfer the case to the District of Kansas.

Respectfully submitted,

<table>
<tr>
<td>

William F. Ford
Richard N. Bien
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, MO
(816) 292-2000

</td>
<td>

*/s/ Zachary D. Tripp*
<hr>
Zachary D. Tripp
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
(202) 682-7000
Zack.Tripp@weil.com

David J. Lender
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

</td>
</tr>
</table>

February 24, 2025

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record certifies that this Petition complies with the type-volume limitation of Fed. R. App. P. 21(d)(1) because, excluding the parts exempted by Fed. R. App. P. 32(f), this document contains 5092 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Century Schoolbook font in 14 point size.

*/s/ Zachary D. Tripp*
Zachary D. Tripp
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
(202) 682-7000
Zack.Tripp@weil.com

February 24, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2025, I electronically filed the foregoing and its appendix with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants. I further certify that I caused a copy of the foregoing and its appendix to be sent to the district court and all parties required to be served via Federal Express certified overnight mail to the addresses on the attached service list.

/s/ Zachary D. Tripp
Zachary D. Tripp
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
(202) 682-7000
Zack.Tripp@weil.com

February 24, 2025

# SERVICE LIST

The Honorable Stephen R. Bough
UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI
Charles Evan Whittaker
U.S. Courthouse
400 E. 9th Street
Kansas City, MO 64106

Rex. A Sharp
Isaac L. Diel
William G. Wright
Hammons P. Hepner
Isaac Diel
Sarah Bradshaw
SHARP LAW LLP
4820 W. 75th Street
Prairie Village, KS 66208

*Attorneys for Plaintiffs*

Adam T. Steinhilber
Nicholas C. Smith
Melanie S. Jack
OFFICE OF THE KANSAS ATTORNEY
GENERAL
120 SW 10th Ave, 2nd Floor
Topeka, KS 66612

*Attorneys for Intervenor State of
Kansas*

Courtney Kroeger
Jeffrey D. Morris
Thomas P. Schult
BERKOWITZ OLIVER LLP
2600 Grand Boulevard, Suite 1200
Kansas City, MO 64108

*Lead Attorneys for Defendant
Chevron U.S.A., Inc.*

Tristan L. Duncan
SHOOK, HARDY & BACON LLP
2555 Grand Boulevard
Kansas City, MO 64108

*Lead Attorney for Defendant Chevron
Phillips Chemical Corporation*

Kara Trouslot Stubbs
BAKER, STERCHI, COWDEN & RICE
LLC
2400 Pershing Road, Suite 500
Kansas City, MO 64108

*Lead Attorney for Defendant Dupont
de Nemours, Inc.*

Booker T. Shaw
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, MO 63101

*Lead Attorney for Defendant Celanese
Corporation*

27

Grace E. Martinez
Robert J. Hoffman
Robert M. Thompson
BRYAN CAVE LEIGHTON PAISNER LLP
1200 Main Street, Suite 3800
Kansas City, MO 64105

*Lead Attorneys for the Dow
Defendants*

Brian Nye
Karen J. Clinkinbeard
ARMSTRONG TEASDALE LLP
2345 Grand Boulevard, Suite 1500
Kansas City, MO 64108

*Lead Attorneys for Defendant
Eastman Chemical Company*

G. Edgar James
James M. Humphrey
JAMES SOBBA, LLC
4435 Main St, Suite 910
Kansas City, MO 64112

*Lead Attorneys for Defendant
Lyondellbasell Industries, N.V.*

Zachary J. Parker
SIDLEY AUSTIN LLP
555 California St, Suite 2000
San Francisco, CA 94104

*Lead Attorney for Defendant
American Chemistry Council*