No. 25-1390

# United States Court of Appeals for the Eighth Circuit

*IN RE* EXXON MOBIL CORP.,

*Defendant–Petitioner.*

Petition for Writ of Mandamus to the United States District Court for the
Western District of Missouri, (Hon. Stephen R. Bough)
No. 4:24-cv-00803-SRB

## REPLY IN SUPPORT OF PETITION
## FOR WRIT OF MANDAMUS

William F. Ford
Richard N. Bien
LATHROP GPM LLP
2345 Grand Boulevard
Suite 2200
Kansas City, MO 64108
(816) 292-2000

Zachary D. Tripp
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
(202) 682-7000
zack.tripp@weil.com

David J. Lender
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

*Counsel for Exxon Mobil Corp.*

# TABLE OF CONTENTS

Introduction ................................................................................ 1

Reasons the Writ Should Issue ................................................... 3

    A.  The district court's order flouts the first-filed rule and
enables unchecked judge-shopping ............................................ 3

    B.  The two cases were obviously parallel ....................................... 11

    C.  Concerns about judge-shopping warrant mandamus .............. 14

Conclusion .................................................................................. 15

Certificate of Compliance .......................................................... 17

Certificate of Service .................................................................. 18

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Adams v. USAA Cas. Ins. Co.,*
  863 F.3d 1069 (8th Cir. 2017) ................................................... 9

*Alul v. Am. Honda Motor Co.,*
  2016 WL 7116934 (N.D. Cal. Dec. 7, 2016) ....................... 8, 9

*Alvarado v. Bank of Am., N.A.,*
  2009 WL 720875 (E.D. Cal. Mar. 17, 2009) ........................... 6

*In re BellSouth Corp.,*
  334 F.3d 941 (11th Cir. 2003) ............................................. 4, 6

*In re BigCommerce, Inc.,*
  890 F.3d 978 (Fed. Cir. 2018) ................................................. 10

*Boe v. Marshall,*
  2025 WL 602564 (M.D. Ala. Feb. 25, 2025) ................. *passim*

*In re EMC Corp.,*
  501 Fed. Appx. 973 (Fed. Cir. 2013) ..................................... 10

*Emerson v. Toyota Motor N. Am., Inc.,*
  2014 WL 6985183 (N.D. Cal. Dec. 9, 2014) ........................... 6

*Evans v. J.P. Morgan Chase Bank, N.A.,*
  2014 WL 12600285 (W.D. Mo. Feb. 12, 2014) ...................... 13

*In re Fieger,*
  191 F.3d 451 (6th Cir. 1999) ................................................... 5

*Fink v. Merit Energy Co., LLC,*
  2024 WL 1856317 (D. Kan. Apr. 29, 2024) ..................... 11, 14

*Gray Mfg. Co., Inc v. Vehicle Serv. Grp., LLC,*
  2018 WL 11411258 (W.D. Mo. June 5, 2018) ....................... 13

*Gustafson v. Bi-State Dev. Agency of Mo.-Ill. Metro. Dist.,*
  29 F.4th 406 (8th Cir. 2022) ................................................... 13

*Haworth v. New Prime, Inc.,*
  448 F. Supp. 3d 1060 (W.D. Mo. 2020) ................................... 9

*Heuton v. Ford Motor Co.,*
  930 F.3d 1015 (8th Cir. 2019) ............................................... 12

*In re Kemp,*
  894 F.3d 900 (8th Cir. 2018) ................................................... 4

*In re Naranjo,*
    768 F.3d 332 (4th Cir. 2014) ..................................................... 8

*Nw. Airlines, Inc. v. Am. Airlines, Inc.,*
    989 F.2d 1002 (8th Cir. 1993) ................................................... 10

*Orthmann v. Apple River Campground, Inc.,*
    765 F.2d 119 (8th Cir. 1985) ............................................... 2, 4, 9

*Painter v. L'Oreal USA, Inc.,*
    2024 WL 4774904 (W.D. Mo. Nov. 13, 2024) ......................... 15

*In re Piper Aircraft Distrib. Sys. Antitrust Litig.,*
    551 F.2d 213 (8th Cir. 1977) ..................................................... 5

*In re Prempro Products Liab. Litig.,*
    591 F.3d 613 (8th Cir. 2010) ................................................... 13

*Ritchie Cap. Mgmt., L.L.C. v. BMO Harris Bank, N.A.,*
    868 F.3d 661 (8th Cir. 2017) ............................................. 13, 14

*Smith v. Dowden,*
    47 F.3d 940 (8th Cir. 1995) ....................................................... 5

*In re Societe Nationale Industrielle Aerospatiale,*
    782 F.2d 120 (8th Cir. 1986) .................................................... 11

*Standing Comm. on Discipline of U.S. Dist. Court for Cent. Dist. of Cal. v. Yagman,*
    55 F.3d 1430 (9th Cir. 1995) ..................................................... 6

*Thatcher v. Hanover Ins. Co.,*
    659 F.3d 1212 (8th Cir. 2011) ................................................. 10

*Tillman v. BNSF Ry. Co.,*
    33 F.4th 1024 (8th Cir. 2022) ................................................... 9

*U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.,*
    920 F.2d 487 (8th Cir. 1990) ............................................... 3, 14

*Waetzig v. Halliburton Energy Servs., Inc.,*
    145 S. Ct. 690 (2025) ............................................................. 2, 5

*Wheeler v. Exxon Mobil Corp.,*
    2019 WL 5188738 (D. Kan. Oct. 15, 2019) ............................. 11

*Young v. L'Oreal USA Inc.,*
    526 F. Supp. 3d 700 (N.D. Cal. 2021) ...................................... 4

**Statutes**

28 U.S.C. 137(a) ................................................................................................. 8

**Other Authorities**

Black's Law Dictionary (12th ed. 2024) ........................................................ 5

Fed. R. Civ. P. 20(a)(1) ................................................................................. 12

Fed. R. Civ. P. 41 ..................................................................................... 5, 8

Fed. R. Civ. P. 42 ........................................................................................ 14

Fed. R. Civ. P. 60(b) ..................................................................................... 5

# INTRODUCTION

Plaintiffs have no answer to the core concerns that warrant mandamus: the district court's decision enabled Plaintiffs to unilaterally change the first-filed rule into a second-filed rule, override random judicial assignment, and pick the judge they apparently prefer. Worse, the decision provides a roadmap to future plaintiffs to engage in judge-shopping. As another court emphasized when sanctioning lawyers for a similar abuse of voluntary dismissal, "judge-shopping" is "a malignant practice that threatens the orderly administration of justice." *Boe v. Marshall*, 2025 WL 602564, at *1 (M.D. Ala. Feb. 25, 2025). Such abuse is "not just a strategic litigation decision; it [is] a calculated effort to subvert the rule of law." *Id.* This Court should grant mandamus to stop that practice in its tracks.

Plaintiffs cannot deny that they unilaterally selected the second-filed venue by dropping the first-filed suit then adding all the parties and claims to the second-filed suit. They assert (Br. 6) that the concerns about judge-shopping are "unfounded." But they pointedly fail to identify *any* reason why they consolidated this case in Missouri rather than in Kansas. The natural inference is that they selected the second venue for a reason they cannot say out loud: They prefer the second judge.

Plaintiffs also cannot deny that the district court's "mootness" rationale enables unchecked judge-shopping without any limiting principle.

On that rationale, future litigants could file three, four, ten or more lawsuits, voluntarily dismiss all of them except the one where they deem the judicial assignment most favorable, and then amend that complaint to add in all the other plaintiffs and claims.

Plaintiffs double down on the mootness rationale, insisting (Br. 7) that voluntary dismissal entirely "nullifie[s]" the first-filed rule. But the rule applies so long as another case has "already been filed." *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985). And as the Supreme Court recently established, a voluntarily dismissed case is not a nullity: it is a "final" decision that can later be reopened. *Waetzig v. Halliburton Energy Servs., Inc.*, 145 S. Ct. 690, 700 (Feb. 26, 2025). The first-filed rule thus applies and requires transfer.

Unable to defend the district court's decision, Plaintiffs assert for the first time that the two cases are not even parallel. That is nonsense. Plaintiffs added *all of the parties and claims* from the first suit into the second one. They even represented that the "overlap of allegations and parties" mean that "the lawsuit is best situated . . . to be litigated in a single case, together." App. 191; Dkt 47. at 2. This Court should hold them at their word: This case should be litigated "in a single case, together"— in the first-filed venue. This Court should grant mandamus and transfer the case to the District of Kansas in the Tenth Circuit where it belongs.

## REASONS THE WRIT SHOULD ISSUE

Plaintiffs do not dispute that the first mandamus factor is satisfied because the denial of a transfer motion is not reviewable after final judgment. They contend instead that the district court did not clearly abuse its discretion and that ExxonMobil's concerns about providing a roadmap for judge-shopping do not warrant mandamus. *See* Br. 6–17. Plaintiffs are wrong on both fronts and mandamus is warranted.

### A. The District Court's Order Flouts the First-Filed Rule and Enables Unchecked Judge-Shopping

Plaintiffs fail to rebut ExxonMobil's core argument that the district court clearly abused its discretion in enabling plaintiffs to unilaterally select the second-filed venue after seeing both judicial assignments. The first-filed rule applies absent "compelling circumstances." *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990). Yet the district court identified no such circumstances. None exist. The two courthouses are only three miles apart. Notably, Plaintiffs *still* do not identify any such circumstances. They entirely fail to explain why they chose to proceed in Kansas City, Missouri, rather than across the river in Kansas City, Kansas, where they first filed. Their silence speaks volumes.

The district court clearly abused its discretion in enabling Plaintiffs to override the first-filed rule at their whim and thus engage in judge-shopping, a practice that is "universally condemned as conduct that

3

abuses the judicial process." *Boe*, 2025 WL 602564, at \*40 (citing *In re BellSouth Corp.*, 334 F.3d 941, 960 (11th Cir. 2003)). Worse, the district court reasoned merely that the transfer motion was "moot." But that rationale is itself clearly erroneous, as the motion to transfer remains very much a live dispute. *E.g.*, *Young v. L'Oreal USA Inc.*, 526 F. Supp. 3d 700, 706 (N.D. Cal. 2021) (the first-filed rule may apply "even though the first-filed action is no longer pending").

Plaintiffs have no answer. They emphasize (Br. 1) that the mandamus standard is demanding and that the first-filed rule is discretionary. But as Plaintiffs elsewhere recognize, mandamus is available to correct a "clear abuse of discretion." *Id.* at 4 (citation omitted). As ExxonMobil explained, the district court's decision reflects exactly the sort of "serious error" that warrants the "safety[] valve" of mandamus. *In re Kemp*, 894 F.3d 900, 905 (8th Cir. 2018) (citation omitted).

Plaintiffs contend (Br. 7) that the voluntary dismissal made the first suit a "nullity." But the Kansas action is not a "nullity" for purposes of the first-filed rule: the rule is triggered when an overlapping case has "already been filed." *Orthmann*, 765 F.2d at 121. That occurred when Plaintiffs filed in Kansas—and clearly had occurred by the time the case was assigned to Judge Vratil. The subsequent dismissal cannot unring that bell.

The Supreme Court recently confirmed that a Rule 41(a) dismissal does not render the case a nullity. *See Waetzig,* 145 S. Ct. at 700. It held that such a dismissal constitutes a "final proceeding" such that district courts may later reopen the case under Federal Rule of Civil Procedure 60(b). *Id.* A case that can be reopened is clearly not a "nullity."

Plaintiffs fail to mention *Waetzig*, which forecloses their argument. Plaintiffs rely on *In re Piper Aircraft Distrib. Sys. Antitrust Litig.*, 551 F.2d 213, 219 (8th Cir. 1977). But *Piper* held merely that voluntary dismissal does not trigger res judicata. *See id.* Here, ExxonMobil does not seek to *preclude* the second case; it merely asks to transfer to the first venue. And to the extent Plaintiffs rely on broader language in *Smith v. Dowden*, 47 F.3d 940, 943 (8th Cir. 1995), *Waetzig* has since abrogated that decision.

Plaintiffs also offer no limiting principle: The district court's mootness rationale permits unchecked judge-shopping by filing two, three, ten or even more cases and then voluntarily dismissing all of them except the one with the assignment they most prefer. That is the very definition of judge-shopping: "filing several lawsuits asserting the same claims—in a court or a district with multiple judges—with the hope of having one of the lawsuits assigned to a favorable judge and of . . . voluntarily dismissing the others." Black's Law Dictionary (12th ed. 2024); *e.g., In re Fieger*, 191

F.3d 451 (6th Cir. 1999) (upholding sanctions where the attorney filed thirteen overlapping suits and dismissed all but one "so that he could select the judge"). The rule the district court applied is also heads-I-win, tails-you-lose: a plaintiff can select the first venue if they prefer the first judge.

That is clearly erroneous and manifestly unfair. It is the first-filed rule, not "the judge the plaintiff prefers" rule. Judge-shopping "abuses the judicial process," *Boe*, 2025 WL 602564 (citing *BellSouth*, 334 F.3d at 960), and "disrupts the proper functioning of the judicial system." *Standing Comm. on Discipline of U.S. Dist. Court for Cent. Dist. of Cal. v. Yagman*, 55 F.3d 1430, 1443 (9th Cir. 1995). Numerous courts have transferred cases—and imposed sanctions—when litigants employed similar strategies. *See, e.g.*, *Emerson v. Toyota Motor N. Am., Inc.*, 2014 WL 6985183, at *4 (N.D. Cal. Dec. 9, 2014); *Alvarado v. Bank of Am., N.A.*, 2009 WL 720875, at *4 (E.D. Cal. Mar. 17, 2009).

Indeed, one day after ExxonMobil filed its petition, a federal district court sanctioned attorneys for engaging in similar gamesmanship. *Boe*, 2025 WL 602564 at *1. In *Boe*, attorneys challenged an Alabama statute in the Northern District of Alabama, but voluntarily dismissed after the case was assigned to Judge Burke, who they viewed as unfavorable. Three days later, the attorneys "fil[ed] anew with different plaintiffs" in the Middle District of Alabama. *Id.* at *1, *15. The assigned judge *sua sponte*

transferred the case back to Judge Burke, defeating the effort to manipulate venue. *Id.* at *3.

The court then issued an order to show cause. After a six-month inquiry by a three-judge panel, the court issued a 230-page order sanctioning the attorneys for "purposefully attempt[ing] to circumvent the [courts'] random case assignment procedures." *Boe*, 2025 WL 602564, at *22. The court found sanctions warranted to deter similar tactics. *Id.* at *56, *83. "To let the manipulation of a court's random case-assignment procedures go unpoliced 'would bring the judicial system itself into disrepute and would permit unscrupulous litigants and lawyers to thwart our system of judicial administration.'" *Id.* at *39 (citation omitted).

*Boe* confirms that the district court clearly abused its discretion. As the court put it, "[j]udge-shopping is an affront to the rule of law." *Id.* at *88. Applying the first-filed rule is necessary to prevent plaintiffs from "purposefully attempt[ing] to circumvent . . . random case assignment procedures" and to ensure that abuse does not "go unpoliced." *Id.* at *22, *39.

*Boe* rejects Plaintiffs' arguments about comity, one of the underlying purposes of the first-filed rule. "[J]udge-shopping creates a false appearance of impropriety in the justice system and erodes the public's confidence in a fair, impartial judiciary." *Id.* at *39. "Comity requires federal courts to 'exercise care to avoid interference with each other's affairs,'" but the

district court's order "nullif[ies]" other courts' assignment "orders entirely." *In re Naranjo*, 768 F.3d 332, 348, 350 (4th Cir. 2014) (citation omitted). The district court's order also effectively overrides a federal statute, 28 U.S.C. 137(a), which gives each district court—not individual litigants— the power to select rules for assigning judges to different cases. *Boe*, 2025 WL 602564, at *39.

*Boe* also rejects Plaintiffs' contentions about judicial economy, another underlying purpose of the first-filed rule. As *Boe* explains, judge-shopping "burdens courts with procedural glut." *Id.* at *88. If this kind of abuse were permitted, "[c]ourts' dockets would bloat with cases filed only for navigational purposes, the Rule 41 dismissal rate would skyrocket, and"— again—"the random case-assignment system would be functionally useless." *Id.* at *84.

The cases Plaintiffs cite do not endorse their position and provide no answer to *Boe*. They rely on *Alul v. Am. Honda Motor Co.*, 2016 WL 7116934, at *5–6 (N.D. Cal. Dec. 7, 2016) (Tigar, J.). But *Alul* involved a less extreme subversion of courts' random assignment rules because the plaintiffs dismissed the first suit one month before filing the second. *Id.* at *1. Here, by contrast, both cases were pending *at the same time*, allowing Plaintiffs to pick between two judges who had already been assigned.

In any event, to the extent *Alul* permitted venue manipulation, it was wrongly decided and *Boe* is far more persuasive.

Plaintiffs' remaining cases are farther afield. They invoke *Haworth v. New Prime, Inc.*, 448 F. Supp. 3d 1060 (W.D. Mo. 2020). But the two suits there were filed almost four years apart by different lawyers. *See Oliveria v. New Prime, Inc.*, No. 1:15-CV-10603, Dkt. 1 (D. Mass. Mar. 4, 2015); *Haworth v. New Prime, Inc.*, No. 6:19-CV-03025, Dkt. 1 (W. D. Mo. Jan. 22, 2019). This Court's decision in *Tillman v. BNSF Ry. Co.*, 33 F.4th 1024, 1028 (8th Cir. 2022), is also inapposite. There, the plaintiff dismissed to join overlapping and unremovable suits pending in *state* court—where the plaintiff had first filed. *See id. Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1081 (8th Cir. 2017), is also off-point. Both sides in that case agreed to dismiss a federal suit, enabling the plaintiffs to proceed in the courts of their home state. By contrast, Plaintiffs unilaterally selected the second venue over ExxonMobil's objection, and both venues are federal courts so such federalism concerns do not apply.

Plaintiffs assert that, under *Orthmann*, mandamus should be denied because the second case has "progressed further." Br. 8. But in *Orthmann*, the second case had been pending for *two years*—the Seventh Circuit had even issued a merits ruling—and the defendant apparently never invoked the first-filed rule. *See* 765 F.2d at 120. By contrast, ExxonMobil moved

to transfer immediately—within days of the second case being docketed—then petitioned for mandamus two weeks after the denial of reconsideration. The only "progress" is thus because the district court wrongly refused to transfer, which cannot justify the court's retention of the case. *See In re EMC Corp.*, 501 Fed. Appx. 973, 976 (Fed. Cir. 2013). In any event, the Missouri action is still in its infancy: Plaintiffs point to entries of appearance and agreed-upon scheduling orders, under which briefing on motions to dismiss will not be complete for two more months. App. 170; Dkt. 58.

Plaintiffs argue that this Court has not previously considered the exact same circumstances here. Br. 9. But this Court has "repeatedly stated that it is inappropriate for a plaintiff to use voluntary dismissal as an avenue for seeking a more favorable forum." *Thatcher v. Hanover Ins. Co.*, 659 F.3d 1212, 1214 (8th Cir. 2011); *see also Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1007 (8th Cir. 1993). In any event, mandamus is a vital tool to correct an error that is "likely to recur" and "to provide guidelines for the resolution of novel and important questions." *In re Societe Nationale Industrielle Aerospatiale*, 782 F.2d 120, 123 (8th Cir. 1986). This Court should utilize that "supervisory" tool here. *In re BigCommerce, Inc.*, 890 F.3d 978, 981 (Fed. Cir. 2018).

Opposing counsel also tried a similar gambit before—and the first-filed judge here (Judge Vratil) rejected it. In *Fink v. Merit Energy Co.*,

*LLC*, 2024 WL 1856317 (D. Kan. Apr. 29, 2024), opposing counsel filed a class action in Kansas state court against an energy company; the company removed to the District of Kansas, the case was assigned to Judge Broomes, and opposing counsel voluntarily dismissed. *Id.* at *1. Opposing counsel then filed a similar class action in the District of Kansas against the same defendant, albeit initially raising a different claim. *Id.* at *2. A few weeks later—just like in this case—opposing counsel amended the complaint to add the dismissed claims from the first suit into the second. Judge Vratil correctly transferred the case to Judge Broomes by applying the first-filed rule. *Id.* at *3.[1] Opposing counsel's repeated use of similar tactics makes mandamus even more important and vividly illustrates that the problem is indeed important and recurring.

## B.  The Two Cases Were Obviously Parallel

Unable to defend the district court's rationale and unable to offer any compelling reason for keeping this case in Missouri, Plaintiffs contend for the first time that the two actions are not even parallel. Br. 11. But the district court itself found the cases "parallel." App. 2; Dkt. 49. And Plaintiffs waived the contrary argument by failing to raise it below, either in opposing ExxonMobil's transfer motion or when opposing reconsideration. *See* App. 305–315; Dkt. 82; *e.g.*, *Heuton v. Ford Motor Co.*, 930 F.3d 1015,

---

[1] Judge Vratil also dismissed opposing counsel's claims in *Wheeler v. Exxon Mobil Corp.*, 2019 WL 5188738, at *8 (D. Kan. Oct. 15, 2019).

1022 (8th Cir. 2019) ("absent exceptional circumstances . . . we cannot consider issues not raised in the district court").

In any event, the two cases are obviously parallel, as they involve the same operative facts and the same legal theory. *See* Pet. 5–6. Both suits were predicated on Defendants' supposed "fraudulent marketing and public education campaigns designed to mislead the public about the viability of plastic recycling as a solution to plastic waste," App. 10; KS Compl. ¶ 6; App. 62; Mo. Compl. ¶ 6, which supposedly increased demand for plastic. *E.g.* App. 9; KS Compl. ¶ 2; App. 61; Mo. Compl. ¶ 2. To combine the two, Plaintiffs merely "add[ed] the . . . Ford County case to the nationwide class action" in Missouri. Br. 3.

Notably, Plaintiffs represented that combining the two cases would advance "judicial efficiency and economies" because of the "overlap of allegations and parties," explaining that "the lawsuit is best situated . . . to be litigated in a single case, together." App. 191; Dkt. 47, at 2. Indeed, Plaintiffs could only combine them because they "ar[o]se out of the same transaction [or] occurrence" and raised common "questions of law or fact." *In re Prempro Products Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010) (quoting Fed. R. Civ. P. Rule 20(a)(1)). Plaintiffs cannot be heard now to contend that the two cases are not even parallel. *E.g.*, *Gustafson v. Bi-State Dev. Agency of Mo-Ill. Metro. Dist.*, 29 F.4th 406, 410 (8th Cir. 2022).

Plaintiffs emphasize that the named plaintiffs and class definitions were different.  Br. 12.  But the first-filed rule does not "require precise identity between the parties and actions."  *Ritchie Cap. Mgmt., L.L.C. v. BMO Harris Bank, N.A.*, 868 F.3d 661, 664 (8th Cir. 2017).  All that is required is "substantial overlap between the cases regarding the issues raised."  *Gray Mfg. Co., Inc v. Vehicle Serv. Grp., LLC*, 2018 WL 11411258, at *2 (W.D. Mo. June 5, 2018).  Indeed, in "the putative class context," "requiring an exact identity among the parties and claims would make it so the first-filed rule would never apply."  *Evans v. J.P. Morgan Chase Bank, N.A.*, 2014 WL 12600285, at *1 (W.D. Mo. Feb. 12, 2014).  This Court has likewise rejected Plaintiffs' argument that federal cases are only parallel "if there is a substantial likelihood that the first proceeding will fully dispose of the claims presented in the second proceeding."  *Ritchie*, 868 F.3d at 664.  Rather, federal cases are sufficiently parallel where, as here, they seek to hold the same defendant liable for the "same conduct" and have "fact-intensive issues" in common.  *See id.* at 665.

Plaintiffs also state that the cases have merely been "consolidate[ed] . . . for fact discovery."  Br. 14.  That is false.  The cases were not consolidated for pretrial purposes under Federal Rule of Civil Procedure 42.  Plaintiffs *merged them into a single lawsuit* by adding all the parties and claims from the first suit into the second one.  The two actions thus are

now more than parallel: they are one and the same. *Ritchie*, 868 F.3d at 664. That forecloses any argument that the two cases do not even overlap. *See Fink*, 2024 WL 1856317, at \*3. Quite simply, the contention that the two cases are not parallel is waived and meritless.

### C. Concerns About Judge-Shopping Warrant Mandamus

Finally, Plaintiffs deride concerns about judge-shopping as mere "policy arguments." Br. 15. That is a radical understatement. "Judge-shopping is an affront to the rule of law" because it "erodes public confidence in judicial impartiality, burdens courts with procedural glut, and casts unwarranted suspicion on judges and case assignments alike." *Boe*, 2025 WL 602564, at \*88. Preventing such abuse fully warrants mandamus.

Plaintiffs briefly try to turn the tables, accusing ExxonMobil of judge-shopping. Br. 16. But ExxonMobil is merely seeking to enforce the "well-established" first-filed rule. *Goodyear*, 920 F.2d at 488. It is not improper "judge-shopping" to invoke that neutral rule to transfer to the venue *Plaintiffs* first chose. *See Painter v. L'Oreal USA, Inc.*, 2024 WL 4774904, at \*2 (W.D. Mo. Nov. 13, 2024).

Plaintiffs also note (Br. 16) that Defendants filed a motion to recuse. But they fail to mention that Defendants did so *at the court's request*. Dkt. 109 at 2, n.2. Judge Bough's courtroom deputy instructed Defendants to file such a motion after they pointed out that Kansas City is a putative

class member and Judge Bough has recused in cases in which Kansas City is a party because his wife is a Kansas City Councilwoman. *See id.* at 3–4. Judge Bough denied the motion on the ground that Kansas City is merely a putative class member, not yet a party, and encouraged Defendants to renew the motion if applicable after class certification. Dkt. 112 at 2. Defendants' motion thus was not judge-shopping, but instead an appropriate effort to avoid a conflict that may still arise later in this suit.

Plaintiffs cannot distract from the real concern: the district court enabled them to unilaterally override the first-filed rule and pick the second judge after seeing both judicial assignments. "Attempts to manipulate the court's random case-assignment procedures constitute a threat to the orderly administration of justice, and such conduct is flatly prohibited by controlling precedent." *Boe*, 2025 WL 602564 at *86. Mandamus is warranted.

## CONCLUSION

This Court should grant the writ of mandamus, vacate the district court's order, and remand with instructions for the district court to transfer the case to the District of Kansas.

Respectfully submitted,

|  | /s/ Zachary D. Tripp |
|---|---|
| William F. Ford | Zachary D. Tripp |
| Richard N. Bien | WEIL, GOTSHAL & MANGES LLP |
| LATHROP GPM LLP | 2001 M Street NW, Suite 600 |
| 2345 Grand Boulevard, Suite 2200 | Washington, DC 20036 |
| Kansas City, MO | (202) 682-7000 |
| (816) 292-2000 | zack.tripp@weil.com |

David J. Lender
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

March 27, 2025

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record certifies that this brief complies with the type-volume limitation of Fed. R. App. P. 21(d)(1) and 32(c)(2) because, excluding the parts exempted by Fed. R. App. P. 32(f), this document contains 3515 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Century Schoolbook font in 14 point size.

/s/ Zachary D. Tripp
Zachary D. Tripp
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
(202) 682-7000
zack.tripp@weil.com

March 27, 2025

# CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

/s/ *Zachary D. Tripp*
Zachary D. Tripp
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
(202) 682-7000
zack.tripp@weil.com

March 27, 2025