No. 25-1390

# In the United States Court of Appeals for the Eighth Circuit

*In re Exxon Mobil Corp.*,

                                          Defendant-Petitioner,

On Petition for Writ of Mandamus to the United States District Court for the Western District of Missouri – Kansas City, Hon. Stephen R. Bough
No. 4:24-cv-00803-SRB

**RESPONDENTS' EMERGENCY MOTION
TO RECALL MANDATE PENDING PETITION
FOR PANEL REHEARING AND REHEARING EN BANC**

                                         Rex A. Sharp
                                         Isaac L. Diel
                                         W. Greg Wright
                                         Sarah T. Bradshaw
                                         Hammons P. Hepner
                                         Nathan A. Kakazu
                                         SHARP LAW, LLP
                                         4820 W. 75th Street
                                         Prairie Village, KS 66208
                                         rsharp@midwest-law.com
                                         idiel@midwest-law.com
                                         gwright@midwest-law.com
                                         sbradshaw@midwest-law.com
                                         hhepner@midwest-law.com
                                         nkakazu@midwest-law.com

                                         *Counsel for Respondents*

Pursuant to this Court's inherent authority and Federal Rule of Appellate Procedure 41, Plaintiffs-Respondents move the Court to recall the Mandate issued on April 1, 2025, following the Court's Judgment granting the petition for writ of mandamus. The mandate issued immediately upon entry of the judgment, before Plaintiffs had any opportunity to file a petition for panel rehearing or rehearing en banc as permitted under Federal Rules of Appellate Procedure 35 and 40.

While this Court may still entertain a timely petition for rehearing, any decision on rehearing—whether to affirm or reverse—will be ineffectual once the case is transferred to the District of Kansas because this Court cannot direct a district court outside the Eighth Circuit to return the case. Multiple circuits, including the Eighth Circuit, have held that an inter-circuit transfer deprives the transferor circuit of practical power to effectuate any review.

In contrast, recalling the mandate to give Plaintiffs an opportunity to petition for rehearing will not harm Defendant-Petitioner Exxon Mobil Corporation ("Exxon"). There are no exigent circumstances in this case that require the mandate issuing before the time to petition for rehearing expires. In short, Plaintiffs are seeking the time allowed under Rule 41 to evaluate their review rights and for the mandate to be temporarily recalled during that period.

1

## BACKGROUND

On April 1, 2025, this Court entered a judgment granting Exxon's petition for writ of mandamus, vacating the district court's order denying the motion to transfer, and directing the district court to transfer the case to the District of Kansas. The judgment directed that the "mandate shall issue forthwith," and the Clerk issued and transmitted the formal mandate to the district court within less than an hour. Plaintiffs were afforded no opportunity to seek rehearing under Rules 35 and 40 before the mandate issued and execution of the judgment began.

Recognizing the urgency, Plaintiffs filed an emergency motion in the district court on April 1, 2025, seeking to temporarily stay all proceedings, including the mandate to transfer the case. R. Doc. 161. That same day, the District Court granted the motion and entered a seven-day stay, temporarily halting the transfer to the District of Kansas. R. Doc. 162. This provides a brief and critical window for this Court to recall its mandate and preserve its ability to meaningfully review the case.

## STANDARD

The Court retains inherent authority to recall its mandate. *See Calderon v. Thompson*, 523 U.S. 538, 549–50 (1998); *Iverson's Estate v. C.I.R.*, 257 F.2d 408, 409 (8th Cir. 1958). Recalling a mandate is typically saved for "extraordinary circumstances." *Calderon*, 523 U.S. at 549. Such extraordinary circumstances include when the Court needs to clarify an order, *Liddell v. Missouri*, 731 F.2d 1294,

2

1336 (8th Cir. 1984), or allow a party to pursue available review options, *see United States v. DiLapi*, 651 F.2d 140, 144 (2d Cir. 1981) ("Had this Court been disposed to grant the petition [for rehearing], it would have had to recall the mandate."). In contrast, courts hesitate to recall mandates after the time to petition for rehearing has passed. *See Riha v. Int'l Tel. & Tel. Corp.*, 533 F.2d 1053, 1055 (8th Cir. 1976) ("We have held that once the period for requesting rehearing has expired 'our power to recall mandates should be exercised sparingly.'" (quoting *Lowe v. United States*, 257 F.2d 408, 409 (8th Cir. 1958))). Recall is particularly appropriate when, as here, immediate issuance of the mandate would cut off meaningful review and render the appellate process a formality.

## ARGUMENT

Plaintiffs ask the Court to recall the mandate to give them time to exercise their right to petition for rehearing. In short, Plaintiffs request the Court recall the mandate before April 8, 2025—when the district court's stay expires—and hold it until the period specified in Rule 41(b) runs. The Court should do so because (I) recalling the mandate will prevent Plaintiffs from losing a meaningful opportunity for further review and (II) there are no exigent circumstances that warrant immediately issuing the mandate.

3

## I. The Court should recall the mandate to ensure that Plaintiffs can meaningfully exercise their review rights.

The Court should recall the mandate because it will otherwise lose its ability to meaningfully review the panel decision. Under Rules 35 and 40, Plaintiffs are entitled to 14 days to petition for rehearing after entry of judgment. For this reason, Rule 41(b) expressly contemplates that the mandate generally "must issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later."

But here, the Court issued its mandate immediately. In so doing, it directed the district court to transfer "the case" to the District of Kansas, which lies outside the Eighth Circuit. When the district court complies with the Court's mandate, it will lose jurisdiction over the case. *Integrated Health Servs. of Cliff Manor, Inc. v. THCI Co., LLC*, 417 F.3d 953, 957 (8th Cir. 2005); *In re Red Barn Motors, Inc.*, 794 F.3d 481, 484 (5th Cir. 2015) ("It seems uncontroversial in this situation that a transfer to another circuit removes the case from our jurisdiction."). The most the Court can then do is direct the district court to ask the transferee court (which would be the District of Kansas here) to return the case. *In re Nine Mile Ltd.*, 673 F.2d 242, 244 (8th Cir. 1982). In other words, if Plaintiffs seek rehearing or other review, the Court will have lost its ability to correct any mistakes in the transfer order.

4

To be sure, the district court stayed the case until April 8, 2025, to allow Plaintiffs to ask the Court to recall its mandate. R. Doc. 162. But once that stay lifts, the district court will be bound to follow the mandate and transfer the case outside the Eighth Circuit's jurisdiction. Thus, unless the Court recalls the mandate before the district court transfers the case, Plaintiffs' ability to pursue rehearing with meaningful consequences will be extinguished the moment the case is docketed in the District of Kansas.

## II. There is no reason to expedite transferring this case before Plaintiffs can exercise their review rights.

The Court should recall and retain the mandate to allow Plaintiffs an opportunity exercise their review rights because there is no reason to expedite transferring this case. As noted above, Rule 41(b) generally allows an aggrieved party a chance to petition for rehearing before the mandate is issued. It continues that a court can change when the mandate is issued through an order. *Id.* When courts shorten the time to issue a mandate, exigent circumstances are typically present. *See, e.g.*, *Melvin v. Petrovsky*, 720 F.2d 9, 12 (8th Cir. 1983). There, the Court expedited its mandate directing a parole board to reconsider whether to release a prisoner because the prisoner had good behavior, poor health, and an impending release date. *Id.*; *see also Cullar v. Joyce*, 596 F.3d 505, 512 (9th Cir. 2010) (ordering immediate issuance of the mandate in an international child custody case).

There are no exigent circumstances present here. This case is still in the early stages of litigation. The parties have not engaged in any discovery and have just started the motion to dismiss briefing. Neither party has raised any issue that requires timely resolution. No case deadlines are imminent. *See* R. Doc. 162.

More importantly, this case raises thorny issues about when the first-filed doctrine can and should apply. No binding authority cited by either party addressed whether the first-filed rule applies when one case is no longer pending in the first-filed forum. This case also does not involve the typical first-filed situation where "mirror image" suits are filed in different courts by opposing parties. *Cf. Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1004–05 (8th Cir. 1993). Given the novelty of the situation, the Court should allow Plaintiffs the time to decide whether and how they want to seek further review.

Furthermore, this brief delay will cause no prejudice to Exxon, whose arguments for transfer were premised on efficiency, not urgency. Plaintiffs have quickly acted to preserve their rights by filing this motion the day after the mandate was issued and before the district court transferred the case. If no petition for rehearing is granted, the case will transfer to the District of Kansas within the month and the case can resume then. Such a delay is minimal considering the breadth of this litigation. Thus, there is no reason to expedite transferring this case before Plaintiffs exercise their review rights.

6

## CONCLUSION

Plaintiffs do not ask the Court to reverse its judgment now, but merely to preserve its ability to do so by holding the case until the time for rehearing expires. The requested relief is narrow and procedural—a recall of the mandate to permit the filing and resolution of a petition for rehearing. After the period prescribed in Rule 41(b) expires, the mandate may be immediately issued if the Court does not grant rehearing. By contrast, Plaintiffs face irreparable harm if the transfer proceeds now, as no remedy will be available to undo transfer should the Court reconsider its ruling.

For these reasons, Plaintiffs request that this Court, before the district court's stay lifts on April 8, 2025, recall its mandate issued on April 1, 2025, and stay execution of its judgment and mandate pending the timely filing and resolution of a petition for panel rehearing or rehearing en banc.

Dated: April 2, 2025.                    Respectfully submitted,

SHARP LAW LLP

By: */s/ Rex A. Sharp*
Rex A. Sharp
Isaac L. Diel
W. Greg Wright
Sarah T. Bradshaw
Hammons P. Hepner
Nathan A. Kakazu
SHARP LAW, LLP
4820 W. 75th Street
Prairie Village, KS 66208
rsharp@midwest-law.com
idiel@midwest-law.com
gwright@midwest-law.com
sbradshaw@midwest-law.com
hhepner@midwest-law.com
nkakazu@midwest-law.com

*Counsel for Respondents*

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word for Microsoft 365 in 14 point Times New Roman font. This brief complies with the type-volume limitations of Fed. R. App. P. 27(d)(2) because it contains 1,869 words. This brief has been scanned for viruses and is virus-free.

## CERTIFICATE OF SERVICE

This is to certify that on April 2, 2025, I transmitted the foregoing instrument to the Clerk of the Court and served on all registered counsel of record via the Court's ECF filing system in compliance with FED. R. APP. P. 25.

*/s/ Rex A. Sharp*
Rex A. Sharp

9