No. 25-1390

# United States Court of Appeals for the Eighth Circuit

*IN RE* EXXON MOBIL CORP.,

        *Defendant–Petitioner*,

Petition for Writ of Mandamus to the United States District Court for the Western District of Missouri, (Hon. Stephen R. Bough)
No. 4:24-cv-00803-SRB

## OPPOSITION TO EMERGENCY MOTION TO RECALL THE MANDATE

William F. Ford
Richard N. Bien
LATHROP GPM LLP
2345 Grand Boulevard
Suite 2200
Kansas City, MO 64108
(816) 292-2000

Zachary D. Tripp
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
(202) 682-7000
Zack.Tripp@weil.com

David J. Lender
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

*Counsel for Exxon Mobil Corp.*

This Court granted Exxon Mobil Corporation's ("ExxonMobil") petition for a writ of mandamus on April 1, 2025. In doing so, it directed the district court to transfer this case to the United States District Court for the District of Kansas, and ordered that the mandate "shall issue forthwith." Dkt. 160. Shortly thereafter, the mandate was transmitted to the district court. Dkt. 160-1. Plaintiffs then moved in the district court for a stay to "defer compliance" with this Court's mandate while they sought rehearing in this Court. Dkt. 161 at 1. Two hours later, and without waiting for ExxonMobil's response, the district court obliged, staying the case for seven days. Dkt. 162. *But see, e.g., Pearson v. Norris*, 94 F.3d 406, 409 (8th Cir. 1996) (district courts are "without power to do anything which is contrary to either the letter or spirit of the mandate") (citation omitted).

This Court should deny Plaintiffs' request that this Court recall the mandate. Recalling a mandate conflicts with "the profound interests in repose attaching to the mandate of a court of appeals." *Calderon v. Thompson*, 523 U.S. 538, 550 (1998) (citation omitted). Appellate courts recall the mandate only "sparing[ly]" in "extraordinary circumstances" and use the power as a "last resort, to be held in reserve against grave, unforeseen contingencies." *Id.* Plaintiffs do not come close to satisfying that high bar. The prompt transfer of this case to the District of Kansas was the

1

manifest purpose of this Court's order that the mandate issue forthwith, not something "grave," "unforeseen," or "extraordinary." *Id.*

Plaintiffs also entirely fail to show they would be prejudiced by the denial of their motion. They do not attach a petition for rehearing. Nor do they make even a preliminary argument that they could meet the demanding standard for rehearing. *See* Fed. R. App. P. 35(a) (providing that rehearing en banc is only appropriate "to secure or maintain uniformity of the court's decisions," or if "the proceeding involves a question of exceptional importance"). Their motion makes clear that they cannot. They describe this case as involving a "novel" situation, and admit that "[n]o binding authority" supports their radical position that they could unilaterally select the second-filed venue simply by dropping the first-filed case then adding all of the parties and claims from the first case to the second one. Mot. 6. *See, e.g.*, *Bressman v. Farrier*, 900 F.2d 1305, 1318 n.21 (8th Cir. 1990) (explaining that "rehearings en banc are to be granted only rarely" and may be warranted where "a panel decision . . . conflicts with past decided cases").

Nor do Plaintiffs suggest what, if any, error they believe this Court's judgment reflects or how they are harmed by proceeding in Kansas, where they first filed. *See* Mot. 3–6. Rather, this Court's judgment is entirely correct: "Attempts to manipulate the court's random case-assignment procedures constitute a threat to the orderly administration of justice, and

2

such conduct is flatly prohibited by controlling precedent." *Boe v. Marshall*, 2025 WL 602564, at \*86 (M.D. Ala. Feb. 25, 2025). Indeed, Plaintiffs' last-ditch motion practice is further evidence that they are engaged in improper judge-shopping. That alone warrants denial of their motion.

Plaintiffs contend that they need the mandate to be recalled to give them opportunity to move for rehearing, which they say would be rendered "functionally moot" by the transfer to Kansas. Dkt. 161 at 2. But the district court's stay—although entered in contravention of this Court's own mandate—already provides them that opportunity yet they still have not taken advantage of it. That order gave them seven days, yet Plaintiffs still have not filed a petition for rehearing. Plaintiffs are also (once again) wrong about mootness: Their own cases demonstrate that, even if this case were transferred to the District of Kansas, this Court could still grant effectual relief by ordering the district court to request that the District of Kansas send the case back. *See In re Nine Mile Ltd.*, 673 F.2d 242, 244 (8th Cir. 1982). District courts regularly honor such requests. *See, e.g.*, *In re United States*, 273 F.3d 380, 382 (3d Cir. 2001). In any event, this case belongs in the District of Kansas, as this Court has already held.

Accordingly, this Court should deny Plaintiffs' motion to recall the mandate. This Court should also direct Plaintiffs to immediately move the district court to lift its stay and to transfer the case to the District of Kansas,

3

as the district court's contrary order conflicts with this Court's mandate that has already issued.  *See Pearson*, 94 F.3d at 409.

Respectfully submitted,

|  |  |
|---|---|
| William F. Ford<br>Richard N. Bien<br>LATHROP GPM LLP<br>2345 Grand Boulevard, Suite 2200<br>Kansas City, MO<br>(816) 292-2000 | */s/ Zachary D. Tripp*<br>Zachary D. Tripp<br>WEIL, GOTSHAL & MANGES LLP<br>2001 M Street NW, Suite 600<br>Washington, DC 20036<br>(202) 682-7000<br>Zack.Tripp@weil.com |
|  | David J. Lender<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>(212) 310-8000 |
| April 3, 2025 |  |

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record certifies that this opposition complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because, excluding the parts exempted by Fed. R. App. P. 32(f), this document contains 762 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Century Schoolbook font in 14 point size.

/s/ Zachary D. Tripp
Zachary D. Tripp
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
(202) 682-7000
Zack.Tripp@weil.com

April 3, 2025

# CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

*/s/ Zachary D. Tripp*
Zachary D. Tripp
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
(202) 682-7000
Zack.Tripp@weil.com

April 3, 2025